HATTIE LASSITER v. CAROLINA TELEPHONE & TELEGRAPH
COMPANY.

(Filed 8 March, 1939.)

1. **Master and Servant § 40f—Injury sustained while employee is being gratuitously transported to work is not in course of employment.**

    Evidence tending to show that an employee was fatally injured while being transported from his home to the place of his work, and that such transportation was gratuitous and not furnished as a matter of right under the contract of employment, sustains the finding of the Industrial Commission that the injury did not arise in the course of the employment.

**2. Master and Servant § 55d—**

The findings of fact by the Industrial Commission are conclusive and not subject to review on appeal, either in the Superior Court or Supreme Court, if they are supported by competent evidence, even though the Court might have reached a different conclusion if it had been the fact-finding body.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1938, of EDGECOMBE. Affirmed.

This is an action brought by plaintiff, Hattie Lassiter (widow), against defendant for the death of her husband, Alexander Lassiter, under the N. C. Workmen's Compensation Act.

The Hearing Commissioner "finds as a fact that from the time the truck in which the deceased was riding left the point of operations in Eastern North Carolina, until they arrived at the home of the deceased in Rocky Mount and from the time the deceased left his home at Rocky Mount until he got back to the scene of the operations, if he reached that place before the time of the accident, he was not performing any duty or labor for the employer, and that the transportation from the scene of the operations to Rocky Mount and from Rocky Mount back to the scene of the operations of the deceased, was pure accomodation for the deceased. AWARD: Wherefore the Commissioner finds as a fact that the deceased's injuries resulting in his death did not arise out of and in the course of his employment. It is directed that an award shall issue denying compensation and directing that claimant's claim be dismissed. Each party will pay its own costs."

Upon appeal, the judgment of the Hearing Commissioner was approved, as follows: "The Full Commission is of the opinion that the plaintiff's deceased's right to transportation was merely a gratuitous one, a mere accomodation. *Hunt v. State,* 201 N. C., 707. The Full Commission affirms the findings of fact, the conclusions of law, and the award of the hearing Commissioner. The claim is dismissed. Each side will pay its own costs."

Upon appeal from the full Commission to the Superior Court, the following judgment was rendered: "Upon the hearing and after argument of counsel for both parties, the court is of the opinion that the findings of fact, as stated by the Industrial Commission, are supported by competent evidence, and that the conclusions of law therefrom, as found by the Industrial Commission, are in all respects correct. Therefore, it is adjudged, ordered and decreed that the award of the Industrial Commission be and the same hereby in all respects is approved and confirmed, that this action be dismissed and that plaintiff be taxed with the costs incurred in this court. Walter J. Bone, Judge."

From the above judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

*O. B. Moss, Harold D. Cooley, and Dan B. Bryan for plaintiff.*
*Gilliam & Bond for defendant.*

CLARKSON, J.  The question involved: Is the finding of the Industrial Commission to the effect that the fatal injuries received by the employee, the husband of plaintiff, did not "arise out of and in the course of his employment" supported by competent evidence? We think so.

In *Hunt v. State,* 201 N. C., 707 (710-11), it is written: "So, 'while there is a difference between the beginning of employment and the beginning of work, or going to work on the employer's time, an accident to a workman on his way to work is not ordinarily in the course of employment.' I Honnold on Workmen's Compensation, sec. 107. True, the moment when he begins his work is not necessarily the moment when he gets into the employment, because a reasonable margin must be allowed him to get to the place of work if he is on the premises of the employer or on some access to the premises which the employer has provided. *Davidson v. M'Robb, supra* (Appeal Cases, 1918, 304). 'The workman is not regarded to be outside the scope of his employment unless actually at work or in the receipt of wages, nor is he regarded as within it because what he is doing is something which has relation only to his work. The test finally adopted lies between the two. The place at which the injury is sustained becomes the determining factor among those things which he does solely because he is engaged in a particular employment; only those are regarded as in the course of the employment which are done within the master's premises or upon some means of conveyance to or from his place of work which is provided by the master for the sole use of his servants and which the servant is required or entitled to use by virtue of his contract of employment.' 25 Harvard Law Review, 403. This is also Honnold's conclusion. He says: 'The rule has been established in accordance with sound reason that the employer's liability in such cases depends upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract. Pursuant to this rule, the employee is in the course of employment if he has a right to the transportation, but not if it is gratuitous, or a mere accomodation. A workman injured while riding to or from his work in the conveyance of a third person is not ordinarily entitled to compensation.' Honnold, sec. 110. This is the

principle underlying the decision in *Dependents of Phifer v. Dairy*, 200 N. C., 65, to the effect that if an employer furnishes transportation for his employee as an incident of the employment, or as a part of the contract, an injury is compensable if suffered by the employee while going to or returning from the place of work in the vehicle furnished by the employer and under his control." *Hildebrand v. Furniture Co.*, 212 N. C., 100; *Davis v. Mecklenburg County*, 214 N. C., 469.

It is established in this jurisdiction that the findings of fact made by the Industrial Commission, if supported by competent evidence, are conclusive on appeal and not subject to review by the Superior Court or this Court, although this Court may have reached a different conclusion if it had been the fact finding body.

From the findings of fact by the Industrial Commission on competent evidence, the judgment of the court below must be

Affirmed.