ROSA ELLA D. WHITTINGTON, EMPLOYEE, PLAINTIFF, v. A. J. SCHNIERSON & SONS, INC., EMPLOYER, AND EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, CARRIER, DEFENDANTS.

(Filed 22 November, 1961.)

**Master and Servant § 60—**

> An injury sustained by an employee while going to or from work does not arise in the course of his employment and is not compensable when the employer is not under contractual duty to transport employee to or from work or furnish the means of transportation as an incident of the contract of employment.

APPEAL by plaintiff from *Bone, J.,* May 29, 1961, Term of RANDOLPH.

Plaintiff filed claim with the Industrial Commission for an award of compensation for injury by accident, which she alleges arose out of and in the course of her employment by A. J. Schnierson & Sons, Inc.

Plaintiff was an employee of Schnierson. She worked from 7:00 A.M. to 3:35 P.M. On 11 December 1958 it began to snow and the "floor boss" came around and told plaintiff and other employees to go home before the weather got so bad they would be unable to get home. Plaintiff left the plant about 12:00 noon. At this hour she had no means of conveyance to her home — she customarily rode with others who worked elsewhere in town. Her employer (Schnierson) provided no transportation for its employees either to or from work and had not contracted to provide transportation for them; each employee pro-

vided his or her own transportation. On the day in question plaintiff arranged to ride home in the car of a fellow employee. Because of the condition of the road to plaintiff's home they took another route. Plaintiff got out of the car about 1/2 mile from her home with the intention of walking the remaining distance. As she got out of the car her feet slipped and she fell. As a result of the fall her hip was broken. She was hospitalized and has not been able to work since the accident.

The Hearing Commissioner concluded that the injury did not arise in the course of plaintiff's employment and denied compensation. Upon appeal to the Full Commission the opinion and award of the Hearing Commissioner was affirmed. Plaintiff appealed to Superior Court and that court affirmed the opinion and award of the Full Commission.

Plaintiff appealed to Supreme Court and assigned errors.

*Ottway Burton and Linwood T. Peoples for plaintiff.*
*Walser & Brinkley and Charles H. McGirt for defendants.*

PER CURIAM. It has been repeatedly declared by this Court that an injury sustained by an employee while going to or from work does not arise in the course of his employment and is not compensable unless the employer is under a contractual duty to transport employee or furnishes the means of transportation as an incident of the contract of employment. *Smith v. Gastonia*, 216 N.C. 517, 5 S.E. 2d 540; *Lassiter v. Telephone Co.*, 215 N.C. 227, 1 S.E. 2d 542; *Dependents of Phifer v. Dairy*, 200 N.C. 65, 156 S.E. 147.

The judgment of the court below is
Affirmed.