ALMA ATKINS ROBERTSON, WIDOW OF THOMAS ROOSEVELT ROBERTSON, DE-CEASED v. SHEPHERD CONSTRUCTION COMPANY AND CONTINENTAL CASUALTY INSURANCE COMPANY

No. 7910IC250

(Filed 18 December 1979)

**Master and Servant § 62— workmen's compensation—accident while driving employer's truck home from work**
     The death of an employee in an accident while driving his employer's pickup truck home from work did not arise out of and in the course of his employment where all the evidence showed that the employer did not provide transportation for the deceased employee as an incident of his contract of employment.

APPEAL by defendants from order of North Carolina Industrial Commission entered 14 November 1978. Heard in the Court of Appeals 13 November 1979.

On 16 July 1976 Thomas Roosevelt Robertson died as a result of injuries sustained in an automobile accident. Robertson was employed in a non-supervisory position as a fuel truck driver for Shepherd Construction Company. At the time of the accident Robertson was driving a pickup truck, not a fuel truck, owned by his employer. Robertson intended to use the pickup truck as

transporation to work the next day. As Robertson was going to his home at the end of the workday, the truck veered off the road surface and crashed. The accident involved no other vehicle.

The deceased's widow filed a claim for death benefits under the North Carolina Workmen's Compensation Act, on behalf of herself and the deceased's minor children. Commissioner Coy M. Vance heard the matter 26 January 1978; on 22 May 1978 he entered an opinion and award, ruling in favor of claimant. The full commission, one commissioner dissenting, affirmed the award. Defendants appeal.

*Faw, Folger, Sharpe and White, by Fredrick G. Johnson, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, William C. Raper, and Frederick J. Murrell, for defendant appellants.*

MARTIN (Harry C.), Judge.

The hearing commissioner and the full commission concluded that Thomas Robertson died from an injury by accident arising out of and in the course of his employment. This conclusion of law is based on two findings of fact:

15. Decedent was in the course of his employment with defendant-employer while driving the company-owned truck on July 16, 1976. There was no reason to use the company truck for transportation home because his wife was present with their personal car ready to take him home. Decedent was scheduled to work the next day, Saturday, July 17, 1976. He had permission to drive the company truck home and was traveling the route normally traveled going to and from work.

24. Decedent sustained an injury by accident arising out of and in the course of his employment on July 16, 1976 which resulted in his death. Decedent's death was not proximately caused by intoxication.

Defendants argue that there is no evidence in the record to support these crucial findings. We agree with defendants and therefore reverse the ruling of the full commission.

An absolutely essential element for recovery under the N.C. Workers' Compensation Act is that injuries be the result of an "accident arising out of and in the course of the employment, . . .." N.C. Gen. Stat. 97-2(6). As a general rule, injuries sustained in accidents occurring while the employee is going to or coming from work are not compensable under the Act. *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957); *Insurance Co. v. Curry*, 28 N.C. App. 286, 221 S.E. 2d 75, *disc. rev. denied*, 289 N.C. 615, 223 S.E. 2d 396 (1976). There is, however, an exception to the general rule: injuries sustained by an employee while going to or from work are considered to have arisen in the course of his employment and are compensable if the employer is under a contractual duty to provide transportation for his employees. *Whittington v. Schnierson & Sons*, 255 N.C. 724, 122 S.E. 2d 724 (1961); *Smith v. Gastonia*, 216 N.C. 517, 5 S.E. 2d 540 (1939); *Insurance Co. v. Curry, supra.*

A further requirement under this exception is that this provision for transportation must be an incident to the contract of employment. *Lassiter v. Telephone Co.*, 215 N.C. 227, 1 S.E. 2d 542 (1939); *Harris v. Farrell, Inc.*, 31 N.C. App. 204, 229 S.E. 2d 45 (1976). The transportation must be provided as a matter of right; if it is merely permissive, gratuitous, or a mere accommodation, the employee is not in the course of employment. *Jackson, Long, Johnson, Evans, Swann v. Bobbitt*, 253 N.C. 670, 117 S.E. 2d 806 (1961); *Lassiter v. Telephone Co., supra; Insurance Co. v. Curry, supra.* In order to recover death benefits in this case, claimant must show that the deceased comes within the exception to the general rule.

There is no specific finding by the commission that deceased's employer had provided him transportation as an incident to his contract of employment. The absence of such a finding is not fatal to the decision; however, the absence of any competent evidence to support this fact does preclude recovery by claimant. In actuality, all the evidence directly contradicts a finding that transportation was provided the deceased as an incident to his employment contract. Michael Wayne Hancock, who was assistant superintendent for Shepherd Construction Company at the time of the accident, testified at the hearing. In response to a question concerning the policy of Shepherd regarding the use of company vehicles at that time, Hancock answered: "The only

people that operated the trucks were foremen, superintendents and myself, unless given permission those trucks were not operated." When asked whether the trucks were "used to have normal employees" drive to and from work, he replied, "No, not non-supervisory staff, no." This evidence was not contradicted by plaintiff.

Deceased's brother-in-law, Fox Atkins, testified that "[t]hree people out of 25 were given trucks to drive." Only the foremen and Mike Hancock were given trucks to go back and forth to work in. When Atkins was hired by Shepherd, he was not told that one of the benefits of employment was transportation to and from work; he was not offered a truck as transportation to and from work.

Testimony from the widow and daughter of the deceased revealed that the daughter routinely took him to work in the mornings and the wife picked him up in the afternoons. This arrangement was followed after Fox Atkins terminated his employment at Shepherd. Up until then, the deceased traveled to and from work with Fox in Fox's personal automobile. The widow stated that her husband "did not ever bring a Shepherd truck home for the sole purpose of transportation to and from work." There had been an occasion when he drove a Shepherd vehicle home because he was to go to Atlanta to pick up another vehicle. Again she stated that her husband had never brought the pickup home for himself, "[n]ever to get back and forth from work." We think this evidence clearly shows that Shepherd did not provide transportation for the deceased as an incident to his employment contract. The commission's finding that decedent was in the course of his employment is not supported by competent evidence.

Both parties discuss *Battle v. Electic Co.*, 15 N.C. App. 246, 189 S.E. 2d 788, *cert. denied*, 281 N.C. 755, 191 S.E. 2d 353 (1972), in their briefs. In *Battle*, an employee was crushed by his employer's dump truck while warming it up in the morning preparatory to going to his job site. We agree with defendants' contention that *Battle* should not be supportive of plaintiff's position in this case primarily because the employer in *Battle* regularly furnished the employee a truck for transportation to and from the work sites. This factor sufficiently distinguishes the two cases.

Defendants also argue there is no evidence to support the finding of fact that the deceased had permission to drive the company truck home the day of the accident. It is unnecessary that we resolve this question on appeal. Even if there were competent evidence in the record to support this finding, the permission given the deceased on this single, isolated occasion would not make the operation of the pickup truck an incident of his contract of employment. *Jackson v. Bobbitt, supra; Lassiter v. Telephone Co., supra.*

Defendants' remaining assignments of error are directed toward the issue of deceased's state of intoxication at the time of the accident. Because we hold that the commission erred in finding that the employee was in the course of his employment at the time of his death, it is also unnecessary that we discuss and resolve this controversy.

The order of the commission ruling in favor of plaintiff is reversed.

Reversed.

Judges VAUGHN and WEBB concur.