A Pre-Trial Agreement dated October 24, 1994 was submitted by the parties at the hearing and is incorporated into evidence. The documents attached to the agreement were stipulated into evidence. In addition, the parties stipulated into evidence the medical report by Dr. Naso dated October 18, 1994.
* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the opinion and award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of January 1994 plaintiff had been employed for over three years by defendant-employer, a company which provided security services to various businesses and schools in Catawba County. He worked as a security guard at Cramer Lumber Company. His employer did not normally provide transportation for him, and it was his responsibility to get to and from his assigned work place. Defendant-employer did have some other employees who were provided company cars because the cars were needed in order to patrol the facility where they worked, but plaintiff did not work at one of those locations.
2. On January 17, 1994 the roads in Catawba County were in very poor condition due to ice and snow from a winter storm, and plaintiff called his employer to state that he would be unable to drive to work that night. However, he indicated that he was willing to work if someone would drive him to the lumber company. In bad weather such as this, the company had sometimes sent another employee to pick up plaintiff and other employees to take them to their work posts. There were some posts which had to be covered regardless of weather conditions and the company had to make arrangements to get the employees to those locations. The nonessential work posts, such as Cramer Lumber Company, were not covered unless the employees could drive themselves or unless the company had cars and drivers available after transporting the essential personnel to take some of the other employees to work. Consequently, if plaintiff wanted to work but could not drive due to the weather, the company would take him to work if they could arrange it.
3. On this occasion, someone from the company was available to pick up plaintiff at his residence and take him to work. When the car arrived, plaintiff was advised upon inquiry that the driver would turn his reports into the office, so he went to his truck to get the papers. There was ice on the ground and he walked carefully. When he returned to the car, he let his hand slide along the top of the car as he walked towards the door, but he slipped and fell despite his precautions. He landed on his right hand and fractured the wrist. The driver subsequently took him to the hospital.
4. Plaintiff clearly sustained an injury by accident on January 17, 1994. The fact that he slipped and fell constituted an unusual occurrence. However, the injury did not arise out of and in the course of his employment. His employer did not provide transportation to work for him as part of the stated or implied terms of their employment contract, nor was the provision of transportation a matter of custom and therefore an implied obligation. Defendant-employer did not require plaintiff to work on this occasion in that his was not an essential work post. Transportation furnished that evening was gratuitous and an accommodation to plaintiff who enjoyed his job and wanted to work that night.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. An injury sustained by an employee while going to and from work does not generally arise out of and in the course of his employment. G.S. § 97-2 (6); Powers v. Lady's Funeral Home, 306 N.C. 728
(1982); Lassiter v. Carolina Telephone and Telegraph Co.,215 N.C. 227 (1939).
2. Although there is an exception to the rule where the employer provides transportation according to the implied or expressed terms of the employment contract, the exception does not apply when the transportation is gratuitous or a mere accommodation to the employee. Lassiter v. Carolina Telephone andTelegraph Co., 215 N.C. 227 (1939).
3. In that defendant-employer did not provide transportation to plaintiff on January 17, 1993 as part of the terms of the employment contract, in that plaintiff was not required to work that night and in that the transportation furnished was merely gratuitous, plaintiff's injury by accident that evening did not arise out of and in the course of his employment. G.S. § 97-2
(6); Lassiter v. Carolina Telephone and Telegraph Co.,215 N.C. 227 (1939); Travelers Insurance Company v. Curry,28 N.C. App. 286 (1976), cert. denied, 289 N.C. 615 (1976).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim must, under the law, be and it is hereby denied.
2. Each side shall pay its own costs.
IT IS FURTHERMORE ORDERED that this case be REMOVED from the Newton hearing docket.
 S/ __________________________________ DOUGLAS E. BERGER DEPUTY COMMISSIONER
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________________ J. RANDOLPH WARD COMMISSIONER
DEB/sls