The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
EVIDENTIARY RULING
All objections raised during the deposition of Woodrow Strickland were ruled upon in accordance with the law and the Opinion and Award entered in this matter.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. An accident report marked as exhibit stipulated 1 was received into evidence.
3. Medical records marked as exhibit stipulated 2 were received into evidence.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 7 March 1996 plaintiff sustained a vehicular accident while driving the defendant-employer's Toyota Celica home from work. Plaintiff was traveling south on NC 581 when he crossed over the center line into the oncoming lane and struck a vehicle head on in the north-bound lane.
2. One month prior to the 7 March 1996 accident plaintiff was hired by the defendant-employer to operate a car carrier that could transport six vehicles at a time. Plaintiff earned $375.00 per week. The defendant-employer did not provide plaintiff with transportation as an incident to his contract of employment.
3. The defendant-employer's company policy prohibited personal use of a company vehicle without direct permission from management.
4. Plaintiff did not have permission from management to drive the Toyota Celica home on 7 March 1996.
5. Prior to 7 March 1996, plaintiff had been allowed to drive a company vehicle home but only on a case by case basis, and only with specific permission from management.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The 7 March 1996 accident sustained by plaintiff while driving his employer's Toyota Celica home from work did not arise out of and in the course of his employment with the defendant-employer.Robertson v. Shepherd Construction Company, 44 N.C. App. 335,261 S.E.2d 16 (1979), cert. denied, 299 N.C. 545, 265 S.E.2d 405
(1980).
******************
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
This is the 25th of September 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ WILLIAM L. HAIGH DEPUTY COMMISSIONER