GINGER DAYLE HUNT, EMPLOYEE, PLAINTIFF v. TENDER LOVING CARE HOME CARE AGENCY, INC., EMPLOYER, PHARMACISTS MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA01-1571

(Filed 1 October 2002)

1. **Workers' Compensation— going and coming rule—traveling salesman exception—not applicable**

The traveling salesman exception to the going and coming rule did not apply in a workers' compensation case where plaintiff-nursing aide had worked for the entirety of her employment at one home and was not required to attend multiple patients with no fixed work location.

2. **Workers' Compensation— going and coming rule—contractual duty exception—not applicable**

The contractual duty exception to the going and coming rule did not apply in a workers' compensation case where plaintiff was employed as a nursing aide, her employer provided reimbursement for employees who traveled over 30 miles a day, and plaintiff did not travel that distance on the day of the accident. The Commission's conclusion that this employer's reimbursement policy was arbitrary did not bring the mileage policy within the exception.

3. **Workers' Compensation— nurse's aide—automobile accident**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff nursing aide's job duties as an in-home health care provider included traveling to and from the homes of patients where it was undisputed that plaintiff worked with one patient. Plaintiff had a fixed job location and her automobile accident does not fall under the traveling salesman exception to the going and coming rule.

Appeal by defendants from Opinion and Award of the North Carolina Industrial Commission entered 13 August 2001. Heard in the Court of Appeals 11 September 2002.

HUNT v. TENDER LOVING CARE HOME CARE AGENCY, INC.

[153 N.C. App. 266 (2002)]

*Musselwhite, Musselwhite, Musselwhite & Branch, by James W. Musselwhite, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Joe E. Austin, Jr. and Zachary C. Bolen, for defendants-appellants.*

TYSON, Judge.

Defendants, Tender Loving Care Home Care Agency, Inc. ("employer") and Pharmacists Mutual Insurance Company ("carrier"), appeal from the opinion and award of the North Carolina Industrial Commission ("Commission"). The Commission reversed the decision of the Deputy Commissioner and awarded benefits to Ginger Hunt ("plaintiff") on the basis that the injury arose out of or in the course of employment. We reverse the opinion and award of the Commission.

## I. Facts

Plaintiff was employed by employer as a certified nursing aide (CNA). Plaintiff's job included caring for Ms. Locklear, her sole patient, in Ms. Locklear's home and running errands for her. The plaintiff drove her personal vehicle to and from Ms. Locklear's residence and used it to run Ms. Locklear's errands. Plaintiff's work schedule was set from 7:30 a.m. through 3:30 p.m. on weekdays, and from 1:00 p.m. to 8:00 p.m. on Saturdays. Plaintiff had been employed in this position since March 1997. Ms. Locklear had been plaintiff's only patient during the entire period of her employment.

On Wednesday, 1 September 1999, plaintiff was injured in an accident while driving her personal vehicle to her home from Ms. Locklear's house. The distance between the two houses is approximately 13 miles.

At the time of the accident, employer reimbursed its CNAs for certain mileage expenses. Under employer's policy, CNAs who drove more than 30 miles on a weekday, either because they lived more than 15 miles from their patients or they were required to run patient errands, were reimbursed for excess mileage. All CNAs were reimbursed for their commuting and patient errand mileage on the weekends, regardless of the miles traveled. According to the employer, the policy concerning weekday travel was based on the fact that a CNA's average commute was approximately 15 miles one way.

Plaintiff's injury caused her to be out of work from 2 September 1999 through 28 February 2000. Plaintiff returned to work part-time

for the defendant on 29 February 2000, and returned to work full-time on 4 April 2000. Plaintiff suffers a 10% permanent partial impairment of her left leg.

After employer filed a Form 61, Denial of Claim, plaintiff filed a Form 33 Request for Hearing. The hearing was scheduled for 21 September 2000. Both parties agreed that no actual testimony or presence at the hearing was necessary and submitted stipulations and exhibits. The Deputy Commissioner issued an opinion denying plaintiff workers' compensation benefits because the accident arose while plaintiff was coming to and from work. The Full Commission reversed the Deputy Commissioner's decision on 13 August 2001 on the grounds (1) that these facts fell within the "traveling salesmen's exception" to the coming and going rule, and (2) that employer's reimbursement for mileage on some days and not others was arbitrary.

## II.  Issue

Defendants argue that the Commission erred as a matter of law in concluding that the plaintiff sustained an injury by accident arising out of and in the course of her employment.

## III.  Standard of Review

Our review of a decision of the Commission is limited to two issues: "(1) whether any competent evidence in the record supports the Commission's findings of fact, and (2) whether such findings of fact support the Commission's conclusion of law." *Creel v. Town of Dover,* 126 N.C. App. 547, 552, 486 S.E.2d 478, 480 (1997) (citing *Moore v. Davis Auto Service,* 118 N.C. App. 624, 627, 456 S.E.2d 847, 850 (1995)). The Commission's conclusions of law are reviewable. *Grant v. Burlington Industries, Inc.,* 77 N.C. App. 241, 247, 335 S.E.2d 327, 332 (1985) (citation omitted). "Whether an injury arises out of and in the course of a claimant's employment is a mixed question of fact and law, and our review is thus limited to whether the findings and conclusions are supported by the evidence." *Creel* at 552, 486 S.E.2d at 481 (citing *Hoyle v. Isenhour Brick and Tile Co.,* 306 N.C. 248, 251, 293 S.E.2d 196, 198 (1982)).

## IV.  "Arising Out of and in the Course of Employment"

Defendants contend that plaintiff's injury was not an accident that arose out of and in the course of plaintiff's employment with employer. Defendants argue that plaintiff worked a fixed work schedule and was commuting home from a fixed place of work. Defendants

assert that plaintiff's injury occurred within the "going and coming" rule, and that plaintiff is not entitled to reimbursement and workers' compensation benefits for this particular trip.

An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of employment. *See Ross v. Young Supply Co.*, 71 N.C. App. 532, 536, 322 S.E.2d 648, 652 (1984). "Arising out of" refers to the cause of the accident; the employee must be about the business of the employer. *Id.* (citing *Taylor v. Wake Forest*, 228 N.C. 346, 350, 45 S.E.2d 387, 390 (1947)). "In the course of" points "to the time, place, and circumstances under which an accident occurred." *Id.* at 536-37, 322 S.E.2d at 652. The accident must happen during the time and at the place of employment. *Id.* at 537, 322 S.E.2d at 652 (citation omitted).

The "going and coming" rule states that an accident occurring while an employee travels to and from work generally does not arise out of or in the course of employment. *Royster v. Culp, Inc.*, 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996). An employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while leaving the place of employment to go home. *Ellis v. American Service Co., Inc.*, 240 N.C. 453, 456, 82 S.E.2d 419, 421 (1954) (citations omitted). Accidents falling within this rule are not compensable. *Royster* at 281, 470 S.E.2d at 31.

## A. "Traveling Salesman" Exception

[1] The "going and coming rule" is subject to some exceptions. The Commission found the "traveling salesman" exception to apply here. If travel is contemplated as part of the employment, an injury from an accident during travel is compensable. *Yates v. Hajoca Corp.*, 1 N.C. App. 553, 556, 162 S.E.2d 119, 120 (1968); *Ross v. Young Supply Co.*, 71 N.C. App. 532, 537, 322 S.E.2d 648, 652 (1984). Recognizing that traveling to and from work is inherent in nearly all jobs, Professor Larson notes that "for employees having fixed hours and place of work, [an accident occurring while] going to and from work is covered only *on the employer's premises*." 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law*, § 13.01 (2001). Whether the travel is "part of the service" performed is also significant. *Id.* at § 14.01 (2001).

Plaintiff cites *Creel v. Town of Dover* for the proposition that an employee is within the course of employment when making a journey to perform a service on behalf of the employer. *Creel*, 126 N.C. App.

547, 486 S.E.2d 478 (1997). In *Creel*, the employer argued that because the plaintiff-employee, the town's mayor, did not have a job with fixed hours or fixed location, he could not take advantage of the "special errand" exception to the "coming and going" rule. *Id.* at 556, 486 S.E.2d at 483. This Court held the claim compensable under the "traveling salesman" exception because "employees with *no definite time and place of employment, . . .*, are within the course of their employment when making a journey to perform a service on behalf of their employer." *Id.* at 556-57, 486 S.E.2d at 483. The applicability . of the "traveling salesman" rule to the facts at bar depends upon the determination of whether plaintiff had fixed job hours and a fixed job location.

Here, plaintiff had worked for employer over two years. During the entirety of plaintiff's employment with employer, she had worked solely with Ms. Locklear, at Ms. Locklear's home from 7:30 a.m. through 3:30 p.m. on weekdays, and from 1:00 p.m. to 8:00 p.m on Saturdays. Her employment did not require attending to several patients, at differing locations with no fixed work location. Plaintiff had fixed hours and a fixed work location. The plaintiff's job description does not fall into the "traveling salesman" exception.

## B. The Contractual Duty Exception

[2] The Commission found plaintiff's claim compensable by also referencing the "contractual duty" exception as being applicable. The "contractual duty" exception provides that where an employer provides transportation or allowances to cover the cost of transportation, injuries occurring while going to or returning from work are compensable. *Puett v. Bahnson Co.*, 231 N.C. 711, 712, 58 S.E.2d 633, 634 (1950). For a claim to fall within this exception, the transportation must be provided as a matter of right as a result of the employment contract. *Whittington v. Schnierson & Sons*, 255 N.C. 724, 725, 122 S.E.2d 724, 725 (1961) (citations omitted). If the transportation is provided permissively, gratuitously, or as an accommodation, the employee is not within the course of employment while in transit. *Robertson v. Construction Co.*, 44 N.C. App. 335, 337, 261 S.E.2d 16, 18 (1979). Where the cost of transporting employees to and from work is made an incident to the contract of employment, compensation benefits have been allowed. *Puett v. Bahnson Co.*, 231 N.C. 711, 713, 58 S.E.2d 633, 634 (1950).

The Commission's order contains no findings of fact that defendant provided transportation or its expenses as incident to its employ-

ment contracts. Employer maintained a policy to reimburse and assist its employees who traveled over 30 miles a day during a weekday or at all during the weekend with the costs of commuting. The parties stipulated that plaintiff was not compensated for her travel because she did not travel over 30 miles on 1 September 1999. The present situation does not fall within the "contractual duty" exception to the "going and coming" rule. The Commission's conclusion of law that the partial mileage reimbursement policy of the employer was found to be "arbitrary" does not bring that mileage policy into the "contractual duty" exception.

### V.  The Commission's Misapplication of Fact to Law

[3] The Commission erred in its application of the findings of fact to its conclusions of law. The Commission found as fact that the "[p]laintiff's job duties included caring for the patient in the patient's home and running any errands for the patient. . . ." In its conclusions of law, the Commission states that "[d]ue to plaintiff's employment as an in-home health care provider, she was required to travel in her own vehicle back and forth to the *homes* of the patients and in providing services to the *patients*." (emphasis supplied). This conclusion of law indicates that plaintiff was responsible for caring for more than one patient. It is undisputed that plaintiff worked with only one patient. This fact is critically important because it provides a fixed job location. Because plaintiff has a fixed job location, the accident does not fall under the "traveling salesman" exception.

The Commission cites the Arkansas Supreme Court case of *Olsten Kimberly Quality Care v. Pettey*, 944 S.W.2d 524 (Ark. 1997), for the proposition that accidents occurring during the travel of a home care nurse from her home to that of her first patient are compensable. *Olsten*, 944 S.W.2d at 527. In *Olsten*, plaintiff-employee was a nurse that traveled daily to the homes of her *patients. Id.* at 525. Plaintiff's job description submitted her to the hazards of day-to-day travel in her own vehicle as she traveled between the *homes* of her *patients. Id.* at 527. As those facts are not present here, the *Olsten* case is distinguished.

### VI.  Summary

Plaintiff did not service more than one patient a day. Plaintiff had fixed hours and a fixed place of work. Her accident is not compensable under the "traveling salesman" exception. Employer was not under a contractual duty to provide plaintiff with transportation or

unqualified reimbursement. Plaintiff was injured while traveling to and from work and is precluded from receiving compensation benefits. We reverse the award of benefits by the Full Commission, and remand for entry of an order holding for defendant.

Reversed and Remanded.

Judges McCULLOUGH and BRYANT concur.