For the reasons discussed in Hunt v. Tender Loving Care Home CareAgency, ___ N.C. App. ___, 569 S.E.2d 675, review denied, ___ N.C. ___, 572 S.E.2d 784 (2002), and as discussed below, I respectfully dissent and would find that plaintiff's automobile accident did not arise out of or occur in the course and scope of his employment.
 Traveling Salesman Exception is not Applicable
Despite the findings of the majority recited in Finding of Fact 2, there is no evidence that plaintiff was a "traveling mechanic." Plaintiff, on two occasions, expressed that his job title was "mechanic." [Tr. pp. 2, 15.] No witness testified that plaintiff was a "traveling mechanic" or that his employer, INCO, supplied "traveling mechanics" to its customers. Rather, the term "traveling mechanic" is the creative description used in plaintiff's Brief.
To the contrary, the undisputed evidence is that plaintiff had fixed hours of employment (from 7:30 a.m. to 4:00 p.m.) at a fixed work site (the Mallinckrodt plant in Raleigh) at the time of his accident. The evidence does not show that plaintiff's job was similar in any respect to a traveling salesman. See Hunt v. Tender Loving Care Home Care Agency, ___ N.C. App. ___, 569 S.E.2d 675, review denied, ___ N.C. ___, 572 S.E.2d 784 (2002).
Plaintiff was assigned to work at the Mallinckrodt plant in Raleigh in July 1999 and he continued to work at that location, without exception, until the date of his accident on October 12, 1999. Although plaintiff testified that when he first went to work for defendant that they "might" move him around, he also testified that he was also told that he "may stay at a job." Plaintiff did not know. [Tr. p 19.] The evidence is that defendant had at least a seventeen-year working relationship with Mallinckrodt and that there was no discussion, or other reason to believe, that defendant would not continue to have employees assigned to the Mallinckrodt plant in Raleigh. No one told plaintiff that he would be transferred from the Mallinckrodt site. [Tr. pp. 19-20, 48-49.] The Mallinckrodt plant in Raleigh was plaintiff's regular place of employment, and had been his regular place of employment for more than three months at the time of the injury. There is no evidence to suggest that plaintiff would be moved from this location. Thus, the facts in this case are no different from those involving the employee's assignment in Hunt v. Tender Loving Care, supra.
The majority also appears to infer a "traveling" or incidental status to plaintiff's employment at the Mallinckrodt plant because the number of defendant's employees that worked at that plant fluctuated. [Finding of Fact 2.] The evidence, however, is that the fluctuation in the number of employees would not have affected plaintiff's employment at the Mallinckrodt plant. [Tr. p. 51.] During periods of plant shutdowns at the Mallinckrodt plant, additional employees would be assigned to the plant. Plaintiff, however, was a regular employee, not a situational, plant shutdown employee; the fact that other employees might be temporarily assigned to the Mallinckrodt plant is irrelevant to plaintiff's status.
There is no question that the "going and coming" rule applies to this case. Under this rule, travel to and from work generally does not arise out of or in the course of employment. Royster v. Culp, 343 N.C. 279,470 S.E.2d 30 (1996); Hunt v. Tender Loving Care, supra.
Rather, the issue is whether the "traveling salesman" exception applies. In Hunt v. Tender Loving Care, the Court of Appeals recently stated:
"Recognizing that travel to and from work is inherent in nearly all jobs, Professor Larson notes that `for employees having fixed hours and place of work, [an accident occurring while] going to and from work is covered only on the employer's premises.' 1 Arthur Larson Lex K. Larson, Larson's Workers' Compensation Law, § 13.01 (2001).
The Court of Appeals held that the nurse's aide who traveled to one patient's house and had fixed hours of employment at this location was not in the course and scope of her employment when injured while traveling to her home from the patient's residence. See Hunt v. Tender Loving Care,supra.
If plaintiff's job routinely required him to work at different locations on different days, or to travel to different locations on the same day, this travel may be compensable because the employee had no definite time and place of employment. See Hunt v. Tender Loving Care,supra; Creel v. Town of Dover, 126 N.C. App. 547, 486 S.E.2d 478 (1997). In any employment-at-will circumstance, which composes most employer-employee relationships, the employee may be subject to transfer or termination of employment. This possibility, however, does not change a work assignment with fixed hours and a fixed place of employment into a "traveling salesman" situation. Plaintiff's testimony that he "might move around" or "may stay at a job" does not change the circumstances of his employment in October 1999 anymore than if the nurse in Hunt were to suggest that she could be asked in the future to care for a different patient, or to substitute for another nursing aide. The fact is that plaintiff was working set hours at the Mallinckrodt plant with no anticipated change in this position. Therefore, the traveling salesman exception does not apply to his case.
The majority's findings of facts should be set aside and this case remanded to the Commission under the rule that "facts found under misapprehension of the law will be set aside on the theory that the evidence should be considered in its true legal light." See Helms v.Rea, 282 N.C. 610, 620, 194 S.E.2d 1 (1973), quoting McGill v.Lumberton, 215 N.C. 752, 3 S.E.2d 324 (1939).
 Contractual Duty Exception is not Applicable
Without extensive analysis, the majority also finds that plaintiff's accident is compensable because he received a $10.00 per diem for working more than 50 miles from defendant-employer's main office in Rocky Mount. The evidence, however, does not support that this payment was reimbursement for plaintiff's travel to employment.
Plaintiff testified that he guessed that the per diem was based on mileage from Rocky Mount [Tr. p. 4.], but he acknowledged that he was not aware of how the per diem was calculated [Tr. p. 22.] Plaintiff also testified that he was not paid for his mileage to and from the work site; rather, he understood that, if the job were more than a certain distance from Rocky Mount, the employee would be paid a per diem. [Tr. p. 22.] Plaintiff received the per diem when he worked in Durham, Chapel Hill, and Raleigh, but not when he worked in Wilson. [Tr. p. 32.]
Angela Davis, defendant's human resource director, testified that a per diem was not provided to every employee. Payment of a per diem required two things: the project manager included a per diem in the job quote, and the job was located more than fifty miles from Rocky Mount, the location of defendant's home office. [Tr. p. 38.] The per diem was paid to the employee no matter where the employee lived or worked. Every employee working at the job site received the per diem without regard to where the employee was traveling from or how far he had to drive. [Tr. p. 39.] No mileage statements were turned in to justify the per diem. It is significant that whether a per diem was paid depended on INCO's contract with its customer, and if the per diem was not quoted in the contract, the employees received no per diem irrespective of travel. [Tr. p. 45.] As plaintiff's supervisor, Mr. Lee, testified, all INCO employees at the Mallinckrodt plant were paid a $10.00 per diem. [Tr. p. 50.]
Thus, the undisputed evidence is that the per diem was paid pursuant to a contract between Mallinckrodt and INCO and was not determined by travel actually incurred by the employee. Plaintiff was not paid for his travel to and from work, and the per diem was not an incident of plaintiff's employment contract with defendant. If an employee worked where defendant negotiated for the per diem, the employee would receive the benefit; if not, the employee would have no right to a per diem and otherwise had no right to be reimbursed for his travel expenses.
The contractual duty exception requires that the provision for transportation be an incident to the contract for employment between the employee and his employer. Lassiter v. Telephone Co., 215 N.C. 227,1 S.E.2d 542 (1939); Robertson v. Shepard Const. Co., 44 N.C. App. 335,261 S.E.2d 16 (1979). The transportation must be provided as a matter of right; if it is merely permissive, gratuitous, or a mere accommodation, the employee is not in the course of employment. Jackson et al. v.Bobbitt, 253 N.C. 670, 117 S.E.2d 806 (1961); Lassiter v. Telephone Co.,supra; see also Hunt v. Tender Loving Care, supra; Robertson v. ShepardConst. Co., supra. There is no evidence in this case that defendant was under a contractual duty to plaintiff to provide his transportation. As the evidence establishes that the $10.00 per diem was permissive and gratuitous, plaintiff's accident is not rendered compensable because of the existence of per diem. See Whittington v. Schnierson Sons,255 N.C. 724, 122 S.E.2d 724 (1961); Hunt v. Tender Loving Care, supra.
For these reasons, I respectfully dissent.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER