In the case at bar, the plaintiff was a mechanic for a company that provides labor to various sites around North Carolina. The plaintiff had worked for the defendant for six months before the injury. During this period, he had been assigned to four different worksites. The plaintiff had worked in Durham, Chapel Hill, and Wilson before he was assigned to the Raleigh plant in which he was injured. The number of defendant's employees at the Raleigh plant fluctuated constantly and, taken with his previous movement between job sites, the plaintiff's assignment to this particular plant must be thought of as less than permanent.
The defendant's employees received a $10 daily travel stipend when they worked more than 50 miles from the defendant's home base in Rocky Mount. While assigned to the Raleigh plant the plaintiff did receive the stipend. Plaintiff testified that his assigned work location was "like a day-to-day thing. You never know where they are going to send you."
These facts are in sharp contrast to the facts of the case the dissent cites, Hunt v. Tender Loving Care Home Care Agency, ___ N.C. App. ___,569 S.E.2d 675, disc. review denied, 356 N.C. 436, 572 S.E.2d 784
(2002). In the Hunt case, an in-home nurse had worked solely in the house of one client for the nurse's entire 2-year employment history with the defendant. The plaintiff in the case at bar had worked in four different locations in six months.
In the spectrum of "fixed work location" cases, the facts of the Hunt
case, which reflect a nearly permanent work assignment, put it at an extreme end, while the case at bar is in the middle of the spectrum, and is, therefore, compensable. The Hunt court imbues with great importance the fact that the Hunt plaintiff worked at only one location for her entire work history with that defendant. This crucial distinction removes the case at bar from the Hunt analysis.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER