DONALD STANLEY, Husband, and CHERYL STANLEY, Daughter of PATRICIA STANLEY, Deceased Employee, Plaintiffs v. BURNS INTERNATIONAL SECURITY SERVICES, Employer, LUMBERMANS MUTUAL CASUALTY COMPANY, Carrier, Defendants

No. COA03-259

(Filed 16 December 2003)

**Workers' Compensation— injury by accident—coming and going rule**

The Industrial Commission did not err in a workers' compensation case by concluding that the deceased worker did not sustain a compensable injury by accident when she was involved in an automobile accident on her way home after completion of her shift at work, because: (1) the coming and going rule provides that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment; and (2) none of the exceptions to the coming and going rule apply in this case.

Appeal by plaintiffs from opinion and award filed 26 November 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 November 2003.

STANLEY v. BURNS INT'L SEC. SERVS.

[161 N.C. App. 722 (2003)]

*McGougan, Wright, Worley, Harper & Bullard, LLP, by Paul J. Ekster and Dennis T. Worley, for plaintiff-appellants.*

*Lewis & Roberts, P.L.L.C., by John D. Elvers and Jeffrey A. Misenheimer, for defendant-appellees.*

BRYANT, Judge.

Donald Stanley and Cheryl Stanley (collectively plaintiffs), husband and daughter of the deceased Patricia Stanley, appeal an opinion and award of the North Carolina Industrial Commission (the Commission) filed 26 November 2002 denying their workers' compensation claim.

In its 26 November 2002 opinion and award the Commission found:

1. Patricia Stanley, deceased, began working for . . . defendant-employer [(Burns International Security Services)] on February 17, 1996. The deceased worked as a Site Captain and Security Guard at Bricklanding Plantation that is located outside of Shallotte, North Carolina. The deceased worked approximately 40 hours per week and worked a shift from 4:00 p.m. until midnight. The deceased lived in Nakina, North Carolina . . . approximately 30 miles from Bricklanding.

2. On September 16, 1999, Hurricane Floyd passed through the area and resulted in flooding to the area. . . . [D]efendant-employer's site was closed on September 16, 1999, due to the hurricane. On September 17, 1999, . . . defendant-employer was able to get officers back onsite for the 4:00 p.m. through midnight shift. . . . [D]efendant-employer spoke with the deceased on that day and told her that it was not necessary to come into work because the other officers . . . could cover the site until the water receded and the roads were safe for travel.

3. On Monday, September 20, 1999, the deceased called . . . defendant-employer to report that she still could not get to work. Ms. Dawn Greenburg again told the deceased that it was not necessary for her to come into work until it was safe to travel.

4. On Monday, September 20 [sic], 1999, the deceased called . . . defendant-employer and told . . . defendant-employer that she was coming to work that day. The deceased worked September 21, September 22, September 23, and September 24, 1999. The deceased worked eight-hour shifts on each of those dates.

5. On September 25 [sic], 1999, the deceased traveled to work and worked her shift from 4:00 p.m. until midnight. At the conclusion of her shift, the deceased was on her way home when she was involved in an automobile accident that resulted in her death [on 25 September 1999].

6. The deceased was driving her personal vehicle at the time of her death. . . . [D]efendant-employer did not provide transportation to and from work to the deceased employee. . . . [D]efendant-employer did not pay the deceased for travel time to and from work. . . . [D]efendant-employer also did not reimburse the deceased for mileage for travel to and from work.

7. At the hearing, the deceased's daughter alleged that the deceased was required to come to work on September 24, 1999, or else risk losing her job. This allegation was directly contradicted by the testimony of Ms. Dawn Greenburg and Mr. Clayton Collins. Additionally, this allegation further lacks credibility considering the fact that the deceased worked four complete shifts on September 21, 22, 23, and 24, 1999, prior to her untimely death. Both Ms. Greenburg and Mr. Collins testified that [the deceased] was a good employee[] and that she would never have been given any type of ultimatum as alleged by the deceased's daughter.

Based on these findings, the Commission concluded that because "none of the exceptions to the 'going and coming rule' appl[ied] in this case," "the deceased's automobile accident did not arise out of and was not in the course and scope of her employment with . . . defendant-employer" and was therefore not compensable.

———————————

The sole issue on appeal is whether the Commission's findings support its conclusion that the deceased did not sustain a compensable injury by accident.[1]

An employee is entitled to workers' compensation benefits for injuries sustained in an accident arising out of and in the course of her employment. "Arising out of" refers to the cause of the accident; the employee must be about the business of the employer. "In the course of" points "to the time, place, and cir-

———————————

1. As plaintiffs did not challenge whether the Commission's findings are supported by competent evidence our analysis is limited to whether the findings support the Commission's conclusion. *See In re Padgett*, 156 N.C. App. 644, 648, 577 S.E.2d 337, 340 (2003) (findings of fact not challenged on appeal "are deemed supported by competent evidence" and are binding on this Court).

cumstances under which an accident occurred." The accident must happen during the time and at the place of employment.

*Hunt v. Tender Loving Care Home Care Agency, Inc.*, 153 N.C. App. 266, 269, 569 S.E.2d 675, 678 (2002) (quoting *Ross v. Young Supply Co.*, 71 N.C. App. 532, 536-37, 322 S.E.2d 648, 652 (1984)). An employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while leaving the place of employment to return home. *Ellis v. Service Co., Inc.*, 240 N.C. 453, 456, 82 S.E.2d 419, 421 (1954). Therefore, "[t]he general rule in this State is that an injury by accident occurring while an employee travels to and from work is not one that arises out of or in the course of employment." *Royster v. Culp, Inc.*, 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996). This rule is known as the "coming and going" rule. *Id.* Exceptions to this rule have been recognized when: (1) an employee is going to or coming from work but is on the employer's premises when the accident occurs (premises exception), *id.*; (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception), *Powers v. Lady's Funeral Home*, 306 N.C. 728, 731, 295 S.E.2d 473, 475 (1982); (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employer (traveling salesman exception), *Creel v. Town of Dover*, 126 N.C. App. 547, 556-57, 486 S.E.2d 478, 483 (1997); or (4) an employer contractually provides transportation or allowances to cover the cost of transportation (contractual duty exception), *Hunt*, 153 N.C. App. at 270, 569 S.E.2d at 679.

In this case, none of the exceptions to the "coming and going" rule apply. As found by the Commission, the deceased had voluntarily returned to work on 24 September 1999 and was traveling home after her shift had ended at midnight. The deceased was driving in her own vehicle at the time of the accident, and her employer did not pay the deceased for travel time to and from work or reimburse her for mileage. Moreover, at the time her vehicle swerved off the road, the deceased was no longer on the employer's premises. While the deceased's daughter testified that her mother had been pressured to come in to work on 24 September 1999 and threatened with losing her job if she did not report to work, arguably bringing this case into the special errand analysis, the Commission rejected this testimony as not credible in light of testimony from the deceased's supervisors and the fact that the deceased had already worked for three days prior to her last shift. *See Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116,

530 S.E.2d 549, 553 (2000) (the Commission is the "sole judge of the weight and credibility of the evidence"). As the Commission's findings thus support its conclusion that none of the exceptions to the "coming and going" rule applied and the deceased therefore did not sustain a compensable injury by accident, there was no error.

Affirmed.

Judges McCULLOUGH and TYSON concur.