The majority incorrectly applied the holding of Hunt v. Tender LovingCare, 153 N.C. App. 266, 569 S.E.2d 675 (2002), to the facts of this case. The facts in this case, however, are more similar to Munoz v.Caldwell Hospital, ___ N.C. App. ___, 614 S.E.2d 448 (July 5, 2005), where the traveling salesman exception to the going and coming rule was applied.
In this case, plaintiff was required to travel to perform a service on behalf of defendant-employer. She had no fixed place of employment. She worked at 16 or more places and saw 16 or more clients during each week according to a schedule prepared by defendant-employer. She provided services once per week for 12 clients and twice a week for 4 clients. If a scheduled client was sick, or unavailable, plaintiff was assigned a different client for that time slot.
The majority incorrectly applied the holding in Hunt to the facts of this case. If the Hunt analysis is applied, plaintiff had 16 or more places of employment per week. On the day of the accident, plaintiff was traveling to a client's home to which she had been assigned only 2 to 3 months previously. In Hunt, the plaintiff had 1 full-time client that she had been serving for approximately 2 years. The court therefore found that the plaintiff in Hunt had a fixed place of employment and full-time, fixed hours.
The employer's policy that an employee is not considered working on the clock until the first client's home is reached, is not controlling. I would follow the reasoning of Munoz and find that plaintiff did sustain a compensable injury by accident arising out of and in the course of her employment.
I therefore dissent.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER