***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Gillen, with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. On September 19, 2008, an employment relationship existed between plaintiff and defendant-employer.
3. On September 19, 2008, Chubb Services Corporation was the insurance carrier at risk for payment of workers' compensation claims for defendant-employer's employees, including plaintiff.
4. Plaintiff has complied with all conditions precedent/statutes of limitation pursuant to N.C. Gen. Stat. §§ 97-22, 97-23, and 97-24.
5. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
 ***********
The following were entered into evidence before the Deputy Commissioner as:
 STIPULATED EXHIBITS
1. The Pretrial Agreement, marked as stipulated exhibit 1.
2. A collection of the Industrial Commission forms filed in this matter, collectively paginated 1-14 and marked as stipulated exhibit 2.
3. A collection of plaintiff's medical records, collectively paginated 1-31 and marked as stipulated exhibit 3.
4. Another group of plaintiff's medical records, collectively paginated 1-98 and marked as stipulated exhibit 4.
 *********** *Page 3 
The following were entered into evidence during the hearing before the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's responses to defendants' first set of interrogatories and request for production of documents, marked as defendants' exhibit 1.
2. An October 3, 2009 e-mail with a two-page attachment, marked as defendants' exhibit 2.
3. The September 19, 2008 accident report prepared by the Jacksonville Police, marked as plaintiff's exhibit 1.
4. Two Google maps, marked on during testimony, marked collectively as plaintiff's exhibit 2.
 *********** ISSUE PRESENTED
Did plaintiff's September 19, 2008 motor vehicle accident arise out of and occur in the course of her employment with defendant-employer?
 ***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 56 years old. Plaintiff graduated from high school and had subsequent instruction in cosmetology and protocol/acquisitions. Vocationally, plaintiff has been employed as a cosmetologist, a bookkeeper, a retail store manager, and an office manager. *Page 4 
2. Plaintiff began working for defendant-employer in July of 2004. Plaintiff worked in support of the Marine Corps, with her workplace physically located at Courthouse Bay on the Camp Lejeune base. Plaintiff worked eight hours per day, five days per week, and typically left work for the day at 4:00 p.m. Plaintiff's normal duties included answering phones, managing the calendars, typing correspondence, scheduling appointments, and taking notes at staff meetings. Plaintiff's normal duties also included picking up mail at the Base Commander's Office at least once per week. Plaintiff typically performed this task on her way home from work.
3. On September 19, 2008, after picking up mail at the Base Commander's Office, while on her way home from work and after leaving the Camp Lejeune base, plaintiff was involved in a motor vehicle accident on the public roads.
4. From plaintiff's workplace on Camp Lejeune, there were two possible routes to her home. Plaintiff could exit the base through the back gate to travel a more rural route home, or she could use the main gate for a more direct, more urban route. Plaintiff more often chose to use the back gate and drove the more rural route home, as that course of travel normally had less traffic. However, plaintiff used the main gate to drive the urban route when she had personal tasks to accomplish more convenient to that route.
5. Customarily, when plaintiff picked up mail at the Base Commander's Office, she did so at the end of her work shift and then proceeded out the main gate taking the urban route home, as the Base Commander's Office was close to the main gate. On September 19, 2008, plaintiff had picked up mail at the Base Commander's Office, exited the base via the main gate, and was on Route 24 when she was injured in a motor vehicle accident.
6. Plaintiff was paid her full salary during the time she was out of work following the September 19, 2008, motor vehicle accident. Plaintiff returned to work as of October 6, 2008, *Page 5 
and continued to work her regular job at full duty at her previous level of competence until she resigned from defendant-employer in August of 2009. Upon her resignation, plaintiff did not mention any physical problems, but rather cited a "hostile work environment" as the reason she was self-terminating her employment.
7. Plaintiff filed a Form 18 dated June 2, 2010, claiming that the September 19, 2008 motor vehicle accident was compensable. Defendants denied compensability with a Form 61 dated June 22, 2010.
8. Defendant-employer did not contractually provide transportation allowances to plaintiff.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. To be compensable, an accident must both arise out of as well as occur in the course of the plaintiff's employment. N.C. Gen. Stat. § 97-2(6); Powers v. Lady's Funeral Home,306 N.C. 728 (1982); Barham v. Food World, 300 N.C. 329 (1980). The North Carolina Court of Appeals has discussed, at length, these requirements in relation to workers' journeys to and from work. Recently, in Hollin v. Johnston County Council on Aging181 N.C. App. 77 (2007), disc. rev. den., 362 N.C. 235 (2008), the Court went through a detailed analysis as follows. Generally, "`injuries sustained by an employee while going to or from work are not ordinarily compensable' because the injuries do not arise out of or in the course of employment." Munoz v. Caldwell Mem'lHosp., 171 N.C. App. 386, 389 (2005) (quoting Bass v.Mecklenburg County, 258 N.C. 226, 231-32 (1962)). This is called the "coming and going" rule. The theory behind this policy is that "the risk of injury while traveling to and from work is one common to the public *Page 6 
at large." Munoz, 171 N.C. App. at 389 (quoting Creel v. Townof Dover, 126 N.C. App. 547, 555 (1997)). Furthermore, "an employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while leaving the place of employment to go home." Hunt v. Tender Lovingcare Home Care Agency, Inc., 153 N.C. App. 266, 269 (2002).
2. The North Carolina Court of Appeals has articulated exceptions to the "coming and going" rule:
 Exceptions to this rule have been recognized when: (1) an employee is going to or coming from work but is on the employer's premises when the accident occurs (premises exception), (2) the employee is acting in the course of his employment and in the performance of some duty, errand, or mission thereto (special errands exception), (3) an employee has no definite time and place of employment, requiring her to make a journey to perform a service on behalf of the employment (traveling salesman exception), (4) an employer contractually provides transportation allowances to cover the cost of transportation (contractual duty exception).
(Internal citations omitted.) Stanley v. Burns InternationalSecurity Services, 161 N.C. App. 722, 725 (2003). In the case at bar, given that plaintiff's motor vehicle accident took place off defendant-employer's premises, given that plaintiff had a definite time and place of employment with defendant-employer, and given that defendant-employer did not contractually provide transportation allowances to plaintiff, the premises, traveling salesman, and contractual duties exceptions are clearly not applicable. The special errand exception warrants further analysis.
3. Regarding the special errand exception, the North Carolina Supreme Court has held "when a superior directs a subordinate employee to go on an errand or perform some duty beyond his normal duties, an injury sustained in the course of that task is compensable." Pollock v. Reeves Bros., Inc.313 N.C. 287, 294 (1985). The North Carolina Supreme Court further *Page 7 
articulated the special errand exception, writing that the "coming and going rule" does not apply "if the employee at the time of the accident is acting in the course of his employment and in the performance of his employment and in the performance of some duty, errand, or mission thereto." Royster v. Culp,343 N.C. 279, 283 (1996). However, the special errand exception does not apply in the case at bar. Given that plaintiff, at least once per week, picked up the mail from the Base Commander's Office in the exact manner she did on September 19, 2008, plaintiff was not performing "some duty beyond [her] normal duties." Furthermore, the exercise of a workers' discretion regarding the details of travel to or from work does not bring that worker's injury within the special errand exception. Schmoyer v. Church of Jesus Christ of Latter DaySaints, 81 N.C. App. 140, 143 (1986).
4. Even if picking up the mail is viewed to be a special errand, plaintiff had already completed that task and, plaintiff's workday being over, was on her journey home from work at the time of the injury. Therefore, pursuant to the Pollock and Royster
cases, at the time of the accident plaintiff's workday was over and she was not performing any "duty, errand, or mission" connected to her employment, nor was she performing "some duty beyond [her] normal duties." Moreover, plaintiff was not required to leave via the main gate on the days she retrieved mail from the Base Commander's Office. Having left Camp Lejeune on 19 November 2008, plaintiff was driving her personal vehicle after work hours on public roads, and her risk of injury while traveling from work that day, on whatever route she chose and to whatever destination she chose, was one common to the public at large.Munoz v. Caldwell Mem'l Hosp., 171 N.C. App. 386, 389 (2005);Hunt v. Tender Loving care Home Care Agency, Inc.,153 N.C. App. 266, 269 (2002). *Page 8 
5. In North Carolina, an injury can be compensable if it occurs during an errand that has a "dual purpose." The North Carolina Court of Appeals has explained:
 [W]hen a trip serves both business and personal purposes . . . it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.
Dunn v. Marconi Communications, Inc.161 N.C. App. 606, 612-13 (2003) (quoting 1 Arthur Larson, The Lawof Workmen's Compensation § 18.12 (1978). However, in the case at hand, plaintiff was injured subsequent to work while she was on a journey of solely personal purposes. Because there was no business purpose for plaintiff to go anywhere via any route upon leaving Camp Lejeune, the dual purpose doctrine does not apply in this case. Schmoyer v. Church of Jesus Christ of Latter DaySaints, 81 N.C. App. 140, 143 (1986).
6. In workers' compensation cases, plaintiff has the burden of proving every element of compensability. As part of this burden, plaintiff must present convincing evidence establishing these elements. Whitfield v. Lab Corp. of Amer.,158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003); Harvey v.Raleigh Police Department, 96 N.C. App. 28, 384. S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989). Given the foregoing, because plaintiff was injured after work on the way home and no exception to the "coming and going" rule applies, plaintiff has not proven that she suffered an injury arising out of and occurring in the course of her employment on September 19, 2008. N.C. Gen. Stat. § 97-2(6).
7. Given the foregoing, plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-1, et seq.
 *********** *Page 9 
Based on the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, this claim must be, and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of November, 2011.
 S/_____________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_______________ TAMMY R. NANCE COMMISSIONER
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER
 *Page 1