***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Garner, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 18 July 2001 as:
 STIPULATIONS
1. It is stipulated that all parties are properly before the Industrial Commission and the Commission has jurisdiction of the parties and the subject matter hereto, and that all parties have been correctly designated and there is no question as to misjoinder or nonjoinder of the parties.
2. The date of injury that gives rise to this claim is on or about September 25, 1999.
3. At the time of the injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. At the time of the injury, an employment relationship existed between the deceased employee and the defendant-employer, and the defendant-employer was insured for Workers' Compensation coverage by Lumbermans Mutual Casualty Company.
5. At the time of the injury, the deceased employee's average weekly wage was $260.61, which produces a compensation rate of $173.75 per week.
6. The deceased employee's last day of work for the defendant-employer was September 25, 1999.
7. The following documents were stipulated into evidence:
 a. Accident report prepared by trooper J.M. Lewis on September 25, 1999.
 b. Medical Examiner's Certificate of Death filed September 29, 1999.
c. All forms submitted to the Industrial Commission.
d. The deceased employee's personnel records.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACTS
1. Patricia Stanley, deceased, began working for the defendant-employer on February 17, 1996. The deceased worked as a Site Captain and Security Guard at Bricklanding Plantation that is located outside of Shallotte, North Carolina. The deceased worked approximately 40 hours per week and worked a shift from 4:00 p.m. until midnight. The deceased lived in Nakina, North Carolina that was approximately 30 miles from Bricklanding.
2. On September 16, 1999, Hurricane Floyd passed through the area and resulted in flooding to the area. The defendant-employer's site was closed on September 16, 1999, due to the hurricane. On September 17, 1999, the defendant-employer was able to get officers back onsite for the 4:00 p.m. through midnight shift. The defendant-employer spoke with the deceased on that day and told her that it was not necessary to come into work because the other officers at the defendant-employer's site could cover the site until the water receded and the roads were safe for travel.
3. On Monday, September 20, 1999, the deceased called the defendant-employer to report that she still could not get to work. Ms. Dawn Greenburg again told the deceased that it was not necessary for her to come into work until it was safe to travel.
4. On Monday, September 20, 1999, the deceased called the defendant-employer and told the defendant-employer that she was coming to work that day. The deceased worked September 21, September 22, September 23, and September 24, 1999. The deceased worked eight-hour shifts on each of those dates.
5. On September 25, 1999, the deceased traveled to work and worked her shift from 4:00 p.m. until midnight. At the conclusion of her shift, the deceased was on her way home when she was involved in an automobile accident that resulted in her death.
6. The deceased was driving her personal vehicle at the time of her death. The defendant-employer did not provide transportation to and from work to the deceased employee. The defendant-employer did not pay the deceased for travel time to and from work. The defendant-employer also did not reimburse the deceased for mileage for travel to and from work.
7. At the hearing, the deceased's daughter alleged that the deceased was required to come to work on September 24, 1999, or else risk losing her job. This allegation was directly contradicted by the testimony of Ms. Dawn Greenburg and Mr. Clayton Collins. Additionally, this allegation further lacks credibility considering the fact that the deceased worked four complete shifts on September 21, 22, 23, and 24, 1999, prior to her untimely death. Both Ms. Greenburg and Mr. Collins testified that plaintiff was a good employee, and that she would never have been given any type of ultimatum as alleged by the deceased's daughter.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. An employee is not engaged in the prosecution of his employer's business while operating his personal car to the place where he is to perform the duties of his employment, nor while leaving his place of employment to go to his home. Ellis v. American Service Co., 240 N.C. 453
at 456, 82 S.E.2d 419 at 421 (1954). An exception to the above rule is when transportation is part of the employment contract. In that case, an injury sustained while traveling is compensable when the employer is under a contractual duty to transport an employee or furnish the means of transportation as an incident of the contract of the employment.Whittington v. A.J. Schnierson Sons, 255 N.C. 724, 122 S.E.2d 724
(1961). Likewise, when an employer makes allowances to cover the cost of transportation, injuries sustained in an automobile accident by employees while on their way to and from work in their personal vehicle are compensable. Puett v. Bahnson Co., 231 N.C. 711, 58 S.E.2d 633 (1950). An additional exception to the "going and coming rule" is when an employee is engaged in a special duty or special errand for his employer at the time of the injury. Schmover v. Church of Jesus Christ of LatterDay Saints, 81 N.C. App. 140, 343 S.E.2d 551, cert. denied, 318 N.C. 417,349 S.E.2d 600 (1986). However, none of the exceptions to the "going and coming rule" apply in this case.
2. Because the deceased's automobile accident did not arise out of and was not in the course and scope of her employment with the defendant-employer, this claim is not compensable under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim is hereby denied because the accident did not arise out of and in the course of the employment.
2. Each side shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER