CHRISTINE K. SMITH, EMPLOYEE v. DACOTAH COTTON MILLS, INC.,
EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 7622IC516

(Filed 15 December 1976)

**Master and Servant § 56— workmen's compensation — injury on public
street during break**

Claimant's injury by accident did not arise out of her employment
where claimant left her employer's premises during a fatigue break
and walked down a public street to where oil tanks for the use of
defendant employer were being buried in the street, and claimant there
stumbled over a cement block and fell in the street, injuring her hip
and back.

APPEAL by plaintiff from opinion of the North Carolina
Industrial Commission filed 9 April 1976. Heard in the Court
of Appeals 16 November 1976.

Plaintiff seeks compensation from her employer, Dacotah
Cotton Mills, Inc., and Liberty Mutual Insurance Company, the
employer's compensation carrier, for an injury by accident
allegedly arising out of and in the course of her employment.

The parties stipulated that plaintiff sustained an injury
by accident and that the employer-employee relationship existed
between plaintiff and defendant employer at the time of the acci-
dent. The facts found by the hearing commissioner to which
there is no exception are summarized in pertinent part as fol-
lows:

On 27 October 1973 plaintiff was employed by defendant
employer as a baling clerk. Her job was to check rolls of cloth
and make out tickets on each roll. She worked the first shift
which was from 7:00 a.m. to 3:00 p.m. She had three fatigue
breaks: from 9:00 a.m. to 9:15 a.m.; from 11:00 a.m. to 11:20
a.m.; and from 1:00 p.m. to 1:15 p.m. She did not have a lunch
break and was free to eat on one of the fatigue breaks.

When the buzzer sounded for a break, the entire cloth room,
where plaintiff worked, shut down and the employees were free

to go where they wanted with minor restrictions. The employees were expected to be back at their place of work when the buzzer sounded to signal the end of a break period. Plaintiff generally did not go to the canteen area because of the "smokers" who frequented the room. To get fresh air and break the monotony, she would often go out of doors and stroll down the public street which dead-ended into the employer's premises.

On the date in question, oil tanks for the use of defendant employer were being buried in the street. During her 9:00 a.m. break, plaintiff walked approximately 250 feet down the street to the site where the tanks were being buried. There she talked briefly with an elderly man and decided it was time to return to work. As she started back to the mill, she stumbled over a cement block causing her to fall on the street, injuring her hip and back.

The final fact found, and the only fact excepted to by plaintiff, was that "the hazard of the construction work on Dacotah Street was not on defendant employer's premises and was a hazard to which the public generally was exposed."

The hearing commissioner concluded that the injury sustained by plaintiff did not arise out of her employment and, therefore, denied the claim. Plaintiff appealed to the full commission pursuant to G.S. 97-85. In a two-one decision the commission affirmed and adopted as its own the opinion and award of the hearing commissioner. From this determination, plaintiff appealed.

*Wilson & Biesecker, by Joe E. Biesecker and Roger S. Tripp, for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt, by G. Thompson Miller, for defendant appellees.*

BRITT, Judge.

Plaintiff assigns as error the commission's conclusion that her injury by accident did not arise out of her employment. We find no merit in the assignment.

To be compensable under the Workmen's Compensation Act an injury must arise out of and in the course of employment. G.S. 97-2(6). The determinative question in this case is whether plaintiff's injury arose out of her employment. "Whether an

accident arises out of the employment is a mixed question of fact and law, and the finding of the Commission is conclusive if supported by any competent evidence; otherwise not." *Cole v. Guilford County,* 259 N.C. 724, 726, 131 S.E. 2d 308, 310 (1963).

"An accident occurring during the course of employment, however, does not *ipso facto* arise out of it. The term 'arising out of the employment' is not susceptible of any all-inclusive definition, but it is generally said that an injury arises out of the employment 'when it is a natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. . . .'" *Robbins v. Nicholson,* 281 N.C. 234, 238-239, 188 S.E. 2d 350, 354 (1972).

As stated by our Supreme Court in *Lockey v. Cohen, Goldman & Co.,* 213 N.C. 356, 359, 196 S.E. 342, 344-345 (1938):

> "The injury must come from a risk which might have been contemplated by a reasonable person as incidental to the service when he entered the employment. It may be said to be incidental when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the service owing to the special nature of the employment. The Workmen's Compensation Act does not contemplate an award for every injury an employee may receive during the course of his employment. It provides only for compensation for injuries which result from accident arising out of and in the course of his employment."

In this case, the accident occurred during the course of plaintiff's employment. The break was of mutual benefit to both parties. As stated in *Harless v. Flynn,* 1 N.C. App. 448, 456-457, 162 S.E. 2d 47, 53 (1968): "In tending to his personal physical needs, an employee is indirectly benefiting his employer. Therefore, the course of employment continues when the employee goes to the washroom . . . takes a smoke break . . . takes a break to partake of refreshment . . . ." While enjoying fresh air and relaxation during her break, plaintiff was acting in the course of her employment. For her injury to be compensable, however, it must also have arisen *out of* her employment.

The burden is on plaintiff to show affirmatively that the accident arose out of her employment. *Matthews v. Carolina Standard Corp.*, 232 N.C. 229, 60 S.E. 2d 93 (1950). We think plaintiff failed to carry her burden. We are unable to perceive a direct causal connection between plaintiff's accident and her employment.

Each workmen's compensation case must depend on its own individual set of facts and circumstances. In this case, plaintiff was injured while off of her employer's premises. During her break she was free to go and come as she pleased. Plaintiff chose to stroll down a public street and subject herself to the dangers arising therefrom. We do not think the fact that the construction work was being performed on behalf of her employer is sufficient to cause this to be a compensable injury. Plaintiff had no work to do nor was she performing any service at the time of her accident. Her time was her own and she was without any orders or directions from her employer.

The fact that plaintiff was being paid during the break is not sufficient to cause this accident to arise out of her employment. As stated by Professor Larson:

"The fact that the coffee break or rest period is a paid one, or for any other reason might be presumptively within the course of employment, does not of course mean that anything that happens during that span of time is compensable." 1 Larson, Workmen's Compensation Law § 15.54 (1972).

Nor do we think that this accident occurred because of any risk incident to plaintiff's employment. Our Supreme Court has stated in *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 728, 24 S.E. 2d 751, 754 (1943), that:

"Where an injury cannot fairly be traced to the employment as a contributing proximate cause, or comes from a hazard to which the workman would have been equally exposed apart from the employment or from a hazard common to others, it does not arise out of the employment. (Citations omitted.) The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. . . ."

Plaintiff chose to expose herself to a danger that was present in a public street. She argues that the fact that the street dead-ends at defendant's mill and that it was used primarily by mill employees negates the public nature of the street. Nevertheless, the commission's findings that it was a public street and that it was a hazard to which the public generally was exposed are supported by competent evidence and are therefore conclusive on appeal. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971).

The hazard to which the plaintiff was exposed was in no way peculiar to her employment. The cement block was a hazard to which all persons who used the street were exposed. The risk was not shown to be a natural incident of plaintiff's employment nor was a sufficient causal connection between the accident and employment shown for the accident to arise out of the employment. We think the commission properly concluded that the injury by accident sustained by plaintiff did not arise out of her employment.

The order appealed from is

Affirmed.

Judges VAUGHN and MARTIN concur.