***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. All parties are properly before the Industrial Commission and there is no question as to misjoinder or nonjoinder of parties.
3. An employer-employee relationship existed between Bank of America and Judy Collins.
4. Bank of America is insured as to workers' compensation by Royal Sunalliance Insurance Co.
5. The employee-plaintiff's average weekly wage is $457.91.
In addition, the parties stipulated into evidence the following:
1. The documents attached to the pre-trial agreement.
2. Medical records submitted February 22, 2001.
The Pre-Trial Agreement dated December 28, 2000 which was submitted by the parties is incorporated by reference.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following
 FINDINGS OF FACT
1. Plaintiff, who was fifty-two years old at the time of the deputy commissioner hearing is a high school graduate with some college credits. Plaintiff began working for defendant-employer on December 14, 1992, as a letter of credit specialist. Her job involved reviewing export documents for goods being shipped overseas and sending the appropriate documentation to the overseas bank which was involved in the transaction in order to make sure that payment would be made for the shipment to Bank of America's customer.
2. Defendant-employer leased two floors in the building where plaintiff worked. The building was located in downtown Charlotte and had thirty-two floors. There was a facility available for the employees to get coffee and food which was called The Pine Room, and plaintiff often went there during her break period to get coffee. However, she preferred the gourmet coffee sold in a nearby building and would go there a couple of times each week. Her supervisor acquiesced in this practice. On the morning of December 1, 1999, plaintiff decided to go to the nearby store for coffee and to an adjacent Korean store where she could get some stamps. She went down the elevator to the ground floor and then out of the side door of her office building. After descending two steps, she turned left to walk down a public alleyway toward Tryon Street where the shops were located. As she was walking along the alleyway, she slipped or lost her footing and fell against a brick wall, injuring her right shoulder. Two bystanders helped her back into the building where she reported her injury to her supervisor. He then took her to the hospital.
3. At the hospital Dr. Bosse, an orthopedic surgeon, was consulted after x-rays revealed a humerus fracture and apparent subluxation of the shoulder joint. The bones did not appear to be significantly displaced so Dr. Bosse did not recommend surgery. He placed her in a splint. He subsequently treated her for a nerve injury which, in his opinion, was causing weakness of the muscles in the joint and therefore a pseudosubluxation. She continued to have problems with weakness and limitation of motion of the joint. An MRI did not reveal evidence of a rotator cuff tear, so Dr. Bosse treated her with physical therapy and exercises. He also referred her to Southeast Pain Care for treatment of apparent reflex sympathetic dystrophy, and she underwent several stellate ganglion blocks which appeared to give her good relief from that condition.
4. Plaintiff's shoulder condition slowly improved and Dr. Bosse gradually gave her more exercises to do. As of his last office visit on December 6, 2000, she was continuing to demonstrate improvement so he did not release her from medical care but continued her exercises and therapy in order to further improve the function and motion of her shoulder.
5. Defendants have denied liability under the Workers' Compensation Act for this injury. Although plaintiff was free to take a break and as a salaried employee was paid for the time she spent going to get coffee and stamps, she had left the employer's premises by the time she got hurt. She was walking in an alleyway used by the general public as a pedestrian walkway between two buildings. Slipping in the alleyway was not a risk incidental to her job. Rather, it was a hazard to which the public generally was exposed. Coffee and stamps, the intended purposes of plaintiff's personal errand, were available in or near defendant-employer's premises. Therefore, plaintiff was not required to make this errand in order to meet her personal comfort needs, and the errand did not further the business of defendant-employer.
6. Although plaintiff sustained an injury by accident in the course of her employment on December 1, 1999, her injury did not arise out of her employment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Although plaintiff sustained an injury by accident in the course of her employment on December 1, 1999, her injury did not arise out of her employment. Smith v. Decotah Cotton Mills,31 N.C. App. 687 (1976). See also White v. BattlegroundVeterinary Hospital, 62 N.C. App. 720, cert. denied, 309 N.C. 325
(1983); Shaw v. Smith Jennings, Inc., 130 N.C. App. 442,503 S.E.2d 113 (1998).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her shoulder injury. G.S. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. This claim must, under the law, be and it is hereby DENIED.
2. Each side shall pay its own costs.
 S/_____________________________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________________________ BUCK LATTIMORE CHAIRMAN
S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER