NO. COA14-6

NORTH CAROLINA COURT OF APPEALS

Filed: 29 July 2014


JOHN E. GRAVEN, JR. and
KATHRYN L. WALL,
      Employees, Plaintiffs

      v.                                    Industrial Commission
                                            I.C. File No. X22254, X21936
N.C. DEPT. OF PUBLIC
SAFETY-DIVISION OF LAW
ENFORCEMENT (formerly N.C.
Dept. of Crime Control and
Public Safety),
      Employer, Defendant

      and

CORVEL CORPORATION,
      Third-Party Administrator.


      Appeal by Plaintiffs from opinion and award entered 2

October 2013 by the North Carolina Industrial Commission. Heard

in the Court of Appeals 5 May 2014.


      *Patterson Harkavy LLP, by Narendra K. Ghosh; Baddour,
      Parker, & Hine, P.C., by Phillip A. Baddour, Jr.; and
      Narron, O'Hale & Whittington, P.A., by O. Hampton
      Whittington, Jr., for Plaintiffs-Appellants.*

      *Attorney General Roy A. Cooper, III, by Special Deputy
      Attorney General Sharon Patrick-Wilson, for Defendant-
      Appellee.*


      DILLON, Judge.

John E. Graven, Jr. and Kathryn L. Wall ("Plaintiffs") appeal from the North Carolina Industrial Commission's opinion and award denying their claims for benefits. For the following reasons, we affirm.

## I. Background

Plaintiffs filed workers' compensation claims for injuries sustained on 16 December 2010, which were subsequently denied by their employer, the North Carolina Department of Public Safety ("Defendant"). Plaintiffs' claims were consolidated for hearing before Deputy Commissioner Stephen T. Gheen, who entered an opinion and award concluding *inter alia* that Plaintiffs each sustained a compensable work-related injury by accident arising out of and in the course of their employment.

On 15 March 2013, Defendant employer appealed to the Full Commission ("the Commission"). On 2 October 2013, the Commission filed an opinion and award, reversing the deputy commissioner's decision and denying Plaintiffs workers' compensation benefits. A summary of the parties' stipulations and uncontested findings of fact in the Commission's opinion and award tended to show as follows:

Plaintiffs worked as technical support analysts in the State Highway Patrol ("SHP"), a division of Defendant, as

technical support analysts with the Technical Services Unit providing software training to State Troopers and civilians in Raleigh and around the State. They worked four days per week, from 7:00 a.m. until 5:00 p.m., and were permitted to take a 30-minute paid lunch break.

In December 2010, Plaintiffs' supervisor sent out three emails over the course of several days inviting employees, including Plaintiffs, to attend a lunch (hereinafter the "holiday lunch") to be held at a particular public restaurant on 16 December 2010 "to celebrate the department's hard work." Attendance was voluntary, and attendees were required to pay for their own meals, though they benefitted from a group discount offered by the restaurant. Plaintiffs decided to attend the holiday lunch and rode to the restaurant in a state-owned vehicle, which had been signed out by another SHP employee. Less than half of the SHP employees who were invited actually attended the holiday lunch. Attendance was not taken at the lunch. No awards were presented at the lunch. No formal speeches were given at the lunch; however, three supervisors made brief remarks, welcoming the attendees and thanking them for their service.

After the lunch, while Plaintiffs were traveling on a public street returning to the SHP office in the state-owned vehicle, the driver, who was also a SHP employee, encountered a patch of ice and lost control of the vehicle, causing it to collide with a tree. As a result of this accident, Plaintiff Graven was paralyzed from the chest down, and Plaintiff Wall sustained a concussion and some cuts and bruises. SHP employee Sergeant Taylor testified that even though Plaintiffs rode in a state-vehicle it was not authorized for use to attend the holiday lunch and if the vehicle had been requested for the purpose of attending the holiday lunch that request would have been denied.

Based on its findings, the Commission concluded that Plaintiffs' injuries did not arise out of or occurred within the course and scope of their employment. Plaintiffs appeal from the Commission's opinion and award denying them coverage.

## II. Standard of Review

"[W]hen reviewing Industrial Commission decisions, appellate courts must examine whether any competent evidence supports the Commission's findings of fact and whether those findings support the Commission's conclusions of law." *Frost v. Salter Path Fire & Rescue*, 361 N.C. 181, 183, 639 S.E.2d 429,

432 (2007) (citation, brackets, ellipsis, and quotation marks omitted).  Unchallenged findings of fact, however, "are presumed to be supported by competent evidence and are binding on appeal."  *Bishop v. Ingles Markets, Inc.*, ___ N.C. App. ___, ___, 756 S.E.2d 115, 118 (2014) (citation and quotation marks omitted).

In the present case, Plaintiffs challenge certain findings made by the Commission and also the Commission's conclusion that Plaintiffs failed to show by the preponderance of the evidence that their "injuries arose out of and or occurred within the course and scope of their employment."  Accordingly, our review will consist of determining whether the challenged findings are supported by the evidence and whether the sustained challenged findings and the unchallenged findings and stipulations support the Commission's conclusion.

## III. Analysis

The workers' compensation system in North Carolina is "a creature of statute enacted by our General Assembly" and codified in the Workers' Compensation Act.  *Frost,* 361 N.C. at 184, 639 S.E.2d at 432.  Our Supreme Court has stated as follows regarding this system:

> The social policy behind the Workers' Compensation Act is twofold.  First, the Act

> provides employees with swift and certain compensation for the loss of earning capacity from accident or occupational disease arising in the course of employment. Second, the Act insures limited liability for employers. Although, the Act should be liberally construed to effectuate its intent, the courts cannot judicially expand the employer's liability beyond the statutory perimeters.

*Id.* (quoting *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 190, 345 S.E.2d 374, 381 (1986)).

The remedies provided under the Act do not apply to all injuries that may be suffered by an employee, but only to those injuries which are caused by accidents "arising out of and in the course of the employment[.]" N.C. Gen. Stat. 97-2(6) (2013). "[W]hether an injury arose out of and in the course of employment is a mixed question of law and fact[.]" *Fortner v. J.K. Holding Co.*, 319 N.C. 640, 643, 357 S.E.2d 167, 168 (1987) (citations and quotation marks omitted). The burden is on the employee to prove by a preponderance of the evidence that the accident causing him injury arose out of and occurred during the course of his employment. *Taylor v. Twin City Club*, 260 N.C. 435, 437, 132 S.E.2d 865, 867 (1963); *Adams v. Metals USA*, 168 N.C. App. 469, 475, 608 S.E.2d 357, 361 (2005). In the present case, we must determine whether the Commission erred in its conclusion that Plaintiffs failed to meet their burden of

proving that their injuries sustained in the 16 December 2010 automobile accident while returning to work from a social event arose out of and occurred in the course of their employment and therefore covered under the Workers' Compensation Act.

In its opinion and award, the Commission cited two cases where our appellate courts have considered whether an accident occurring *at* a social event arises out of or is in the course of employment: *Perry v. American Bakeries Co.*, 262 N.C. 272, 136 S.E.2d 643 (1964), decided by our Supreme Court, and *Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E.2d 347 (1980), decided by this Court.

In 1964, our Supreme Court stated in *Perry* as follows:

> Where, as a matter of good will, an employer at his own expense provides an occasion for recreation or an outing for his employees and invites them to participate, but does not require them to do so, and an employee is injured while engaged in the activities incident thereto, such injury does *not* arise out of the employment.

*Perry*, 262 N.C. at 275, 136 S.E.2d at 646 (emphasis added and citations omitted). Sixteen years later in 1980, we approved and adopted in *Chilton* a method of analysis for determining whether employee injuries incurred at employer-sponsored recreational and social activities arise out of and in the course of employment. Specifically, we enumerated from 1A

Larson, *Workmen's Compensation Law* § 22.23, six factors to assist a court in making this determination:

>    (1) Did the employer in fact sponsor the event?
>
>    (2) To what extent was attendance really voluntary?
>
>    (3) Was there some degree of encouragement to attend evidenced by such factors as:
>
>        a. taking a record of attendance;
>
>        b. paying for the time spent;
>
>        c. requiring the employee to work if he did not attend; or
>
>        d. maintaining a known custom of attending?
>
>    (4) Did the employer finance the occasion to a substantial extent?
>
>    (5) Did the employees regard it as an employment benefit to which they were entitled as of right?
>
>    (6) Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards?

45 N.C. App. at 15, 262 S.E.2d at 348. More recently, in 2007, our Supreme Court in *Frost*, *supra*, stated that the factors we outlined in *Chilton* were consistent with its 1964 holding in *Perry*. The Supreme Court in *Frost*, however, stopped short of

expressly adopting the *Chilton* factors because its analysis in *Perry* was sufficient to resolve the case before it; but the Supreme Court did state that the factors adopted by this Court in *Chilton* "may serve as helpful guideposts in this inquiry[.]" 361 N.C. at 186-87, 639 S.E.2d at 433-34.

In the present case, the Commission made some findings regarding the factors considered by the Supreme Court in *Perry* as well as many of the six *Chilton* factors, answering most in the negative. For instance, the Commission found that attendance at the holiday lunch was voluntary and no attendance was taken. Further, in its finding of fact 22, the Commission stated as follows:

> 22. The Commission finds that while Plaintiffs were traveling to the holiday lunch, they were doing so for their own benefit. Although Plaintiffs testified that they attended the holiday lunch because they felt it was important for the morale of the department, less than half of the employees attended the lunch, and the undersigned find that the benefit to the employer, if any, was *de minimus*.

Plaintiffs specifically challenge the conclusion contained in finding of fact 22 that the holiday lunch was for the benefit of the employees and that the only benefit to the employer was *de minimus* at best. We believe, however, that this conclusion is supported by the Commission's findings and the evidence.

Specifically, the sixth factor in *Chilton* states that for a social event to be considered a benefit to the employer in the context of determining whether an injury at the event is covered by the Workers' Compensation Act, the benefit must not be "merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards[.]" *Chilton*, 45 N.C. App. at 15, 262 S.E.2d at 350. It is undisputed that at least three SHP supervisors gave brief remarks before and during the lunch thanking employees for their dedication, but there was testimony that these remarks did not rise to the level of a speech. Also, no awards were handed out at the holiday lunch and attendees paid for their own meals.[1][2] These findings answering some of

---

[1] Plaintiffs argue that Finding of Fact 26, which states that "[t]he injuries sustained by Plaintiffs on December 16, 2010 occurred during a meal break that Plaintiffs were free to use as they pleased" is not supported by the evidence because they were paid for their attendance, the holiday lunch lasted longer than their normal 30-minute paid lunch break, and they were not otherwise allowed to spend more than 30 minutes for a lunch break that day "as they pleased." We agree that the evidence conclusively establishes that Plaintiffs were not free to spend *more than 30 minutes* on the day of 16 December 2010 for a lunch break any way they pleased. Notwithstanding, we believe that the fact that SHP employees attending the holiday lunch were compensated for the long lunch break further supports the conclusion that the lunch was for the benefit of the employees. *See Smith v. Decotah Cotton Mills*, 31 N.C. App. 687, 690, 230 S.E.2d 772, 774 (1976) (stating that "[t]he fact that plaintiff was being paid during the break is not sufficient to cause [an]

the *Chilton* factor questions establish that the holiday lunch did not arise out of or in the course of Plaintiffs' employment.

Further, we believe that the holiday lunch is similar to the type of event that is described in *Perry*, quoted above, which the Supreme Court stated would not arise out of the employment. Specifically, here, though the holiday lunch was not provided at Defendant's expense, Defendant did provide "an occasion" for the employees to participate in "an outing" which "was a matter of good will" in that, as the Commission determined, it was for the benefit of the employees and not Defendant. *Perry*, 262 N.C. at 275, 136 S.E.2d at 646. However, we note that Plaintiffs were not injured *at* the social event but while *traveling back* to the workplace. Neither party cites to any case where an employee was injured while traveling between their workplace and a social event occurring during the workday.

In North Carolina, the general rule is that "[i]njuries received by an employee while traveling to or from his place of employment are usually not covered by the [Workers' Compensation] Act unless the employer furnishes the means of

---

accident to arise out of her employment").

[2] Plaintiffs also challenge finding of fact 23 that "Plaintiffs exposure to the risk of highway travel is a risk to which the general public is equally exposed," arguing that this finding is a conclusion of law. In either case, we address this issue of causation below in this opinion.

transportation as an incident of the contract of employment" or if such injuries are sustained while the employee is "on premises owned or controlled by the employer[.]" *Strickland v. King,* 293 N.C. 731, 733, 239 S.E.2d 243, 244 (1977). This general rule has been referred to as the "coming and going" rule by our Supreme Court. *See, e.g., Royster v. Culp, Inc.*, 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996). Our Courts have explained that "the question of *arising out of* is not satisfied . . . where the injury is due to the hazards of the public highway – risks common to the general public." *Harless v. Flynn*, 1 N.C. App. 448, 458, 162 S.E.2d 47, 54 (1968) (emphasis in original). *See Roberts v. Burlington Industries,* 321 N.C. 350, 358, 364 S.E.2d 417, 422-23 (1988); *Rose v. City of Rocky Mount*, 180 N.C. App. 392, 401, 637 S.E.2d 251, 257 (2006), *disc. review denied*, 361 N.C. 356, 644 S.E.2d 232 (2007).

The "going and coming" rule, however, is subject to a number of exceptions. For instance, there is "the 'traveling salesman' exception, the 'contractual duty' exception, the 'special errand' exception, and the 'dual purpose' exception." *Dunn v. Marconi*, 161 N.C. App. 606, 611, 589 S.E.2d 150, 154 (2003).

The "traveling salesman" exception applies where an employee's "work entails travel away from the employer's premises [and does not involve] . . . a distinct departure [to make] . . . a personal errand." *Id.* at 612, 589 S.E.2d at 155 (citation omitted). The "special errand" exception applies where the employee is "engaged in a special duty or errand for his employer." *Id.* (citation omitted). The "contractual duty" exception applies where "the employer furnishes the means of transportation *as an incident of the contract of employment*." *Id.* (citation omitted and emphasis added). However, this "contractual duty" exception does not generally apply where the transportation is "provided permissively, gratuitously, or as an accommodation[.]" *Hunt v. Tender Loving Care*, 153 N.C. App. 266, 270, 569 S.E.2d 675, 679 (citation omitted), *disc. rev. denied*, 356 N.C. 436, 572 S.E.2d 784 (2002). The "dual purpose" exception applies in certain circumstances where a trip serves "both business and personal purposes" and where it involves a "service to be performed for the employer [that] would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey." *Dunn*, 161 N.C. App. at 612-13, 589 S.E.2d at 155 (citation omitted).

In the present case, the fact that Plaintiffs were riding in an automobile provided by SHP does not bring the accident within the "contractual duty" exception since the transportation to the holiday lunch was not "an incident of the contract of" their employment but, as found by the Commission, was provided as an accommodation, as testified by SHP employee Sergeant Taylor. *See Hunt*, *supra*. None of the other exceptions neatly fit the present situation since Plaintiffs were not traveling to perform work for their employer but were attending a social event.

Plaintiffs argue that the "coming and going" rule does not apply because "[i]n selecting the location and date of the holiday lunch, [D]efendant increased [P]laintiffs' risk of having a motor vehicle accident as they did[,]" noting that the location was a 20-30 minute drive from the workplace and that SHP employees would not ever travel such a distance during their lunch break since they only receive 30 minutes for lunch. Essentially, Plaintiffs are arguing that the accident arose out of their employment under the "increased risk" analysis that has been applied by our Supreme Court. *See Roberts v. Burlington Industries*, 321 N.C. 350, 358, 364 S.E.2d 417, 422-23 (1988).

Our Supreme Court in *Roberts* described the "increased risk" approach as follows:

> Under [an "increased risk analysis], the injury arises out of the employment if a risk to which the employee was exposed because of the nature of the employment was a contributing proximate cause of the injury, and one to which the employee would not have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood."

*Id.* (citations, brackets, and quotation marks omitted). We believe, however, that the "increased risk" analysis does not apply where an employee voluntarily attends a social event which, itself, does not arise out of his employment and is injured due to a risk that is common to the public while traveling on a public road to that event. Therefore, this argument is overruled.

We believe that the Commission's consideration of *Perry v. American Bakeries Co.*, 262 N.C. 272, 136 S.E.2d 643 (1964), and *Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E.2d 347 (1980) was appropriate as it first established that the social event itself did not arise out of or in the course of Plaintiffs' employment. Further, the application of the "going and coming" rule shows that Plaintiffs' injuries were not covered under the Workers' Compensation Act where they were the

result of an accident caused by a risk that is common to the public occurring while they were traveling on a public road while returning to their workplace from that social event.

For the reasons stated above, we hold that the Commission's conclusion that Plaintiffs failed to meet their burden of proving that the accident causing their injuries arose out of and occurred in the course of their employment is supported by the Commission's findings; and, accordingly, the opinion and award of the Commission is affirmed.

AFFIRMED.

Chief Judge MARTIN and Judge STEELMAN concur.