***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with some modifications, the Opinion and Award of Deputy Commissioner Ledford.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties through the Pretrial Agreement and at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, and this is the Court of proper jurisdiction for this action.
2. On November 29, 2008, the parties hereto were subject to and bound by the provisions in the North Carolina Workers' Compensation Act.
3. On such date, Defendant/Employer employed three or more employees.
4. At all relevant times, an employee-employer relationship existed between the parties.
5. Plaintiff was employed at Morrison Correctional Institution as a Correctional Officer on November 29, 2008.
6. Plaintiff is receiving salary continuation for an unrelated workers' compensation claim of May 5, 2008.
 ***********
As set forth in the Pretrial Agreement and this Opinion and Award, the Commission addresses the following:
 ISSUES
1. Whether plaintiff's alleged November 29, 2008 injury to her left knee arose out of and in the course of her employment with defendant?
2. Whether the premises exception applies to the "coming and going" rule for plaintiff's alleged November 29, 2008 injury?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff was fifty years old as of the date of the hearing before the Deputy Commissioner, having a date of birth of March 10, 1960. She worked as a correctional officer at Morrison Correctional Institution in Hoffman, North Carolina for approximately one year prior to November 29, 2008.
2. As a correctional officer, plaintiff's job duties included inmate custody and control, building searches, perimeter checks, inmate searches, inmate transfers, and inmate submission. Plaintiff was provided with keys to access various parts of the correctional institution which she needed in order to be able to perform her job duties.
3. Plaintiff reported to work each work day between 5:15 a.m. and 5:20 a.m. Upon arrival, plaintiff parked her personal vehicle in the employee parking lot along with all other employees.
4. On November 29, 2008, plaintiff arrived at work at approximately 5:20 a.m. and parked her vehicle in the employee parking lot. Plaintiff then left her vehicle, walked into the Institution, and "scanned in" to report for duty.
5. After reporting for duty, plaintiff realized that she had left her keys and beverages in her vehicle, and she returned to her vehicle in the employee parking lot. Plaintiff got into the driver's seat of her vehicle, picked up her keys and attached them to her utility belt, and picked up her beverages. As she was exiting her vehicle, plaintiff's right foot, which felt numb at the time, caught in the doorway of her vehicle, and she stumbled and lunged out onto her left leg, at which point she felt a "pop" in her left knee.
6. When plaintiff returned to her work area, her co-worker, Officer Quincy Burns, observed that plaintiff was walking with a limp. Plaintiff informed Officer Burns that she had *Page 4 
just injured her left knee in the parking lot. Later that afternoon, at approximately 3:00 p.m., plaintiff's immediate supervisor, Sergeant Mark Schroyer, also observed plaintiff walking with a limp.
7. Plaintiff finished her shift on November 29, 2008, and worked on November 30, 2008. She continued to experience increasing pain in and around her left knee.
8. On December 2, 2008, plaintiff presented to Chesterfield General Hospital where she informed the emergency room personnel that she had injured her left knee on November 29, 2008 while exiting a vehicle at work. The emergency room physician administered several medications, fitted plaintiff with a knee immobilizer, and provided plaintiff with crutches.
9. Upon returning to work several days later, plaintiff's supervisor, Sergeant Diane Dick, requested that she complete both an accident report and a witness statement, which plaintiff did. Sergeant Dick also obtained a statement from Officer Burns.
10. On December 9, 2008, plaintiff presented to her family physician, Dr. Travis Novinger, who is board certified in family medicine. Plaintiff complained of continuing left knee pain, and provided Dr. Novinger with a history of her workplace accident and the care she received at Chesterfield General Hospital.
11. Dr. Novinger performed an examination of plaintiff's left knee. His notes reflect that plaintiff's knee was very tender, with a positive McMurray's test. Dr. Novinger also found negative posterior drawer and negative anterior drawer, although plaintiff did have some pain with the anterior drawer. In testifying about the McMurray's test he performed during his examination of plaintiff, it appears, and the Full Commission finds, that Dr. Novinger made a mistake when he noted that the McMurray's test, like the drawer tests, was negative. Dr. Novinger's notes reflect that plaintiff's McMurray's test was positive and that, "She actually *Page 5 
came off the table and almost grabbed her knee." Dr. Novinger thought that plaintiff's response to this maneuver was "kind of unusual," and that plaintiff's pain "seemed a little bit exaggerated."
12. Plaintiff returned to Dr. Novinger on two occasions following December 9, 2008 for continuing left knee pain complaints. Although Dr. Novinger was unable to make a definitive diagnosis of plaintiff's condition without further diagnostic testing and has recommended that plaintiff have an MRI, he did opine that plaintiff's left knee pain more likely than not resulted from the November 29, 2008 accident.
13. Plaintiff's oral statements, written statements, and testimony regarding the accident on November 29, 2008, and the manner in which she injured her left knee, have been consistent, and the Full Commission finds plaintiff's testimony to be credible.
14. The evidence shows, and the Full Commission finds, that on November 29, 2008, plaintiff had already reported to work at the time she returned to her vehicle in the parking lot to retrieve the keys she needed for work and her beverages.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On November 29, 2008, plaintiff sustained an "accident" within the meaning of the North Carolina Workers' Compensation Act when she caught her foot in her vehicle door and stumbled while exiting the vehicle in the employer's parking lot. The facts show this was an unexpected event which interrupted plaintiff's normal work routine. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. An accident arises out of and in the course of the employment while the employee is engaged in some activity or duty which he is authorized to undertake, and which is calculated to further, directly or indirectly, the employer's business. Perry v. American BakeriesCo., 262 N.C. 272, 136 S.E.2d 643 (1964). Compensability of a claim basically turns on whether or not the employee was acting for the benefit of his employer to any appreciable extent when the accident occurred. Hoffman v. Ryder Truck Lines,306 N.C. 502, 293 S.E.2d. 807 (1982).
3. "In the course of" refers to the time, place, and circumstances under which the injury occurs. Bare v. Wayne Poultry Co.,70 N.C. App. 88, 318 S.E.2d 534 (1984), cert. denied312 N.C. 796, 325 S.E.2d 484 (1985). With respect to time, the course of employment begins a reasonable time before work begins and continues for a reasonable time after work ends and includes intervals during the workday for rest and refreshment. Harless v. Flynn,1 N.C. App. 448, 162 S.E.2d 47 (1968). Activities which an employee undertakes in pursuit of his personal comfort constitute part of the circumstances of the course of employment. Dayal v. Provident Life andAcc. Ins. Co., 71 N.C. App. 131, 321 S.E.2d 452 (1984).
4. In the instant case, plaintiff was acting for the benefit of defendant when she retrieved her keys and her beverages from her personal vehicle. Plaintiff needed her keys in order to perform her job duties. Furthermore, in retrieving her beverages from her vehicle, plaintiff was performing a personal errand for her comfort that indirectly benefitted the employer. As such, plaintiff's accident arose out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6); Harless v. Flynn,1 N.C. App. 448, 162 S.E.2d 47 (1968); Dayal v. Provident Life andAcc. Ins. Co., 71 N.C. App. 131, 321 S.E.2d 452 (1984).
5. The "coming and going rule" states that "an employee is not engaged in the business of the employer while driving his or her personal vehicle to the place of work or while *Page 7 
leaving the place of employment to return home." Stanley v. BurnsInt'l. Sec. Servs.,161 N.C. App. 722, 725, 589 S.E.2d 176, 178 (2003) (citing Ellis v.Service Co., Inc., 240 N.C. 453, 456, 82 S.E.2d 419, 421 (1954). That "rule" is not applicable to the instant case, as plaintiff had already reported to work before her accident occurred.
6. As a result of her accident of November 29, 2008, plaintiff has sustained an injury to her left knee, the extent of which is unknown. Per the competent testimony of Dr. Novinger, further diagnostic testing is needed to determine the extent of plaintiff's injury.Holly v. ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003).
7. The appeal to the Full Commission was brought by the insurer, and the Full Commission, by this decision, orders the insurer to pay plaintiff's medical expenses. Therefore, pursuant to N.C. Gen. Stat. § 97-88, the Full Commission may award attorney's fees to plaintiff to be taxed as part of the bill of costs. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for all medical treatment incurred or to be incurred by plaintiff as a result of her compensable injury by accident of November 29, 2008 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability. This includes referral to an orthopedic specialist for further diagnostic testing and evaluation of plaintiff's left knee.
2. Plaintiff's counsel is entitled to receive an attorney's fee for defending this appeal to be paid by defendant as part of the bill of costs. Plaintiff's counsel shall submit an affidavit *Page 8 
concerning his hourly wage and the amount of time spent defending this appeal. Upon receipt thereof, the Commission shall determine the appropriate amount of attorney's fees to be paid to plaintiff's counsel by defendant. N.C. Gen. Stat. § 97-88.
3. Defendant shall pay the costs to the Commission.
This the 20th day of January, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER